WILSON TURNER KOSMO LLP
LEONID M. ZILBERMAN (182829)
JENNIFER SOLANO (341077)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile:  (619) 236-9669
E-mail:  lzilberman@wilsonturnerkosmo.com
E-mail: jsolano@wilsonturnerkosmo.com

Attorneys for Defendant
HOME DEPOT, U.S.A., INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS H. WEBB,<br><br>            Plaintiff,<br><br>      v.<br><br>HOME DEPOT, U.S.A., INC. a Delaware Corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.   '22 CV 0770 TWR DEB<br><br>**DEFENDANT HOME DEPOT, U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date: Not Set<br><br>Complaint Filed: April 29, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1441(a), Defendant THE HOME DEPOT U.S.A., INC. ("Home Depot"), hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, and sets forth in support of its Notice of Removal of Action the following:

///
///

1

## I.     THE REMOVED CASE

1.     On April 29, 2022, an action was filed in the Superior Court for the State of California, County of San Diego, entitled *Louis H. Webb v. The Home Depot, USA, Inc.,* a Delaware Corporation*; and DOES 1-10, inclusive,* Case No. 37-2022-00016029-CU-WT-CTL (the "Complaint").

2.     The Complaint alleges the following causes of action against Home Depot: (1) Failure to Pay Overtime; (2) Failure to Pay Meal Periods; (3) Failure to Pay Rest Breaks; (4) Failure to Pay Wages Upon Separation of Employment; (5) Failure to Provide Accurate, Itemized Wage Statements; (6) Unfair Competition; (7) Age Discrimination; (8) Failure to Engage in the Interactive Process; (9) Disability Discrimination; (10) Failure to Prevent Discrimination; (11) Intentional Infliction of Emotional Distress; (12) Wrongful Termination in Violation of FEHA; and (13) Wrongful Termination in Violation of Public Policy.

3.     On May 2, 2022, Plaintiff served Home Depot with the Summons and Complaint via personal service. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**. A true and correct copy of the Civil Case Cover Sheet and Notice of Case Assignment and Case Management Conference (Civil), is attached hereto as **Exhibit B**. A true and correct copy of the Answer to the Complaint filed by Home Depot in state court on May 26, 2022 is attached hereto as **Exhibit C**.

## II.    ALL OF THE REMOVAL REQUIREMENTS ARE MET

### A.     Jurisdiction

4.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332(a), and may be removed to this Court by Home Depot pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action between citizens of different states and it appears on the face of the Complaint that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

**B.**   **Timeliness**

5.      This Notice of Removal is being filed within thirty (30) days after Home Depot was personally served with the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

6.      This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(c).

**C.**   **Venue**

7.      Removal to this Court is proper as the Superior Court of the State of California, County of San Diego, where this action was originally filed, is located within this district. Therefore, this Court is the "district and division within which [the removed] action is pending."  28 U.S.C. § 1446(a).

**D.**   **Complete Diversity of Parties**

8.      As set forth below, complete diversity exists between Plaintiff, on the one hand, and Home Depot, on the other hand.

9.      On information and belief,[1] at the time of the filing of this Notice of Removal, Plaintiff was and still is a citizen of California, inasmuch as the Complaint states he worked in Home Depot's California stores "throughout his sixteen and a half-year-career" until January 24, 2022 and Defendant's business records indicate he resides in California. (**Exhibit A**, Complaint at ¶ 7; See also Erica Coito Declaration ("Coito Decl."), ¶ 4, filed herewith.) Plaintiff's residence is *prima facie* evidence that he is domiciled in California for purposes of diversity. *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary." (*quoting Anderson v. Watt*, 138 U.S. 694, 706 (1891))); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *State Farm v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); 13E Charles

---

[1] A party may allege citizenship on information and belief. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

**DEFENDANT HOME DEPOT, U.S.A., INC.'S NOTICE OF PARTY WITH FINANCIAL INTEREST**

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 & n.28 (3d ed. 2013) ("It is assumed . . . that a person's current residence is also his domicile . . . ."). Accordingly, Plaintiff is a citizen of California for the purpose of diversity jurisdiction.

10.     For diversity purposes, "a corporation is a citizen of: (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." *Davis v. HSBC Bank Nevada, NA*., 557 F.3d 1026, 1028 (9th Cir. 2009); 28 U.S.C. § 1332 (c). The U.S. Supreme Court held that a corporation's "principal place of business" under the federal diversity jurisdiction statute, 28 U.S.C. § 1332 (c)(l), refers to a corporation's "nerve center" or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The Supreme Court noted that the "nerve center" will "normally be the place where the corporation maintains its headquarters." *Id*. at 93.

11.     Home Depot was, at the time this action was commenced, and still is, a corporation organized and existing under the laws of the State of Delaware. Home Depot's officers direct, control, and coordinate the corporation's activities primarily from Georgia. Home Depot's corporate headquarters and principal place of business are located in Atlanta, Georgia. (See Coito Decl., ¶¶ 2-3.) Home Depot is not, and has never been, a citizen of the State of California. Accordingly, Home Depot is a citizen of either Delaware or Georgia for the purpose of jurisdiction. See 28 U.S.C. § 1332(c)(1).

12.     Finally, the Complaint names defendant Does 1 through 10. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the "Doe" defendants is disregarded for removal purposes. Thus, complete diversity exists between the parties.

**E.     The Amount in Controversy Requirement is Satisfied**

13.     From the face of the Complaint, the amount in controversy exceeds $75,000.00, exclusive of interests and costs. The Complaint does not demand a

4

**DEFENDANT HOME DEPOT, U.S.A., INC.'S NOTICE OF PARTY WITH FINANCIAL INTEREST**

specific dollar amount, but seeks general damages, compensatory damages and loss of earnings; statutory penalties and liquidated damages; prejudgment interest; punitive and exemplary damages; attorney's fees and costs of suit; and other relief the Court may deem proper for the various causes of action in the Complaint. (Exhibit A, Complaint at p. 29 "Prayer for Relief".)

14.     Plaintiff seeks punitive damages. "The amount in controversy may include punitive damages when they are recoverable as a matter of law." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (citing Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001); see also *Anthony v. Sec. Pac. Fin'l Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (holding amount in controversy may include punitive damages if (1) they are recoverable as a matter of state law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount). Indeed, other FEHA discrimination cases have resulted in substantial punitive damages awards. See, e.g., *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1165-67 (1998) (upholding a $3.5 million punitive damages award on a FEHA claim); *Simmons*, 209 F. Supp. 2d at 1033 (citing punitive damages awards in employment discrimination cases ranging from $60,000 to $121,000,000).

15.     Finally, as stated above, Plaintiff seeks attorneys' fees, which are potentially recoverable under the FEHA (Cal. Govt. Code § 12965) and the Labor Code (Cal. Labor Code §§ 218.5, 2699(f)), and thus may be included in the amount in controversy analysis.  *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute). In assessing the amount in controversy, both prior and future estimated attorneys' fees are included in the calculation.  *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  Attorneys' fees are likely to exceed more than $75,000 alone should Plaintiff prevail.  *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013) (affirming attorneys' fee award of $697,000 despite recovery of $27,000 on FEHA claim); *Vo v.*

*Las Virgenes Mun. Water Dist.*, 79 Cal.App.4th 440, 446 (2000) (affirming attorneys' fee award of $470,000 despite recovery of less than $40,000 on FEHA claims); *Tenorio v. Gallardo*, No. 1:16-cv-00283-DAD-JLT, 2019 WL 4747949, at *4 (E.D. Cal. Sept. 30, 2019) (awarding $100,000 in attorneys' fees in PAGA action).

16.     Taken together, the amount in controversy "more likely than not" well exceeds $75,000.  Indeed, in light of "litigation realities," courts routinely find employment cases alleging similar claims and seeking similar types of relief satisfy the amount in controversy requirement without any further showing by the defendant. *See, e.g.*, *Jones v. CLP Resources, Inc.*, No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14-01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010).  Accordingly, the amount in controversy requirement is satisfied.

## III.   HOME DEPOT HAS PROVIDED ALL REQUIRED DOCUMENTS TO THE COURT AND NOTIFIED ALL PARTIES OF REMOVAL

17.     A true and correct copy of all process, pleadings and orders served in this action at the time of this removal and known to Defendant are attached as Exhibits A through C. Pursuant to 28 U.S.C. § 1446(a), and to the best of Defendant's knowledge, **Exhibits A through C** constitute all the process, pleadings, and orders served in this action at the time of this removal.

18.     Counsel for Home Depot certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and give notice of same to counsel for Plaintiff.

19.     Should the propriety of removal be questioned, Home Depot requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal. *See Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir.

1   2012); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th

2   Cir. 1977).

3 **IV.   <u>CONCLUSION</u>**

4       For the reasons set forth above, this Court has original jurisdiction over this

5   action under 28 U.S.C. § 1332 and removal of this action is proper under 28 U.S.C. §§

6   1441 and 1446.

7

8   Dated:     May 27, 2022            **WILSON TURNER KOSMO LLP**

9

10                       By:    *s/ Leonid M. Zilberman*

11                           LEONID M. ZILBERMAN

12                           JENNIFER SOLANO

13                           Attorneys for Defendant
HOME DEPOT, U.S.A., INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT HOME DEPOT, U.S.A., INC.'S NOTICE OF PARTY WITH FINANCIAL INTEREST**

| Exhibit Number | Description | Page Numbers |
|---|---|---|
| A. | Summons and Complaint | |
| B. | Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference | |
| C. | Answer to the Complaint | |

8

**DEFENDANT HOME DEPOT, U.S.A., INC.'S NOTICE OF PARTY WITH FINANCIAL INTEREST**